IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-193 |
| DKYLE JAMAL BRIDGES<br>KRISTIAN JONES | : | |
| | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF VICTIMS'
OTHER SEXUAL BEHAVIOR PURSUANT TO FEDERAL RULE OF EVIDENCE 412
AND TO ADMIT EVIDENCE OF TRAFFICKING OF ADDITIONAL VICTIMS**

The United States of America, by and through William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Seth M. Schlessinger, Assistant United States Attorney for the District, and Jessica Urban, Trial Attorney, Department of Justice, hereby moves for a Court order: 1) excluding any evidence of victims' other sexual behavior pursuant to Federal Rule of Evidence 412, other than introduced by the prosecution; and 2) admitting evidence of the sex trafficking by the defendants of persons other than those specifically enumerated in the substantive counts of the indictment (i.e., Z.W, J.S., B.T., N.G. and L.C.), for the reasons set forth below.

**I.    BACKGROUND**

The defendants are both charged in Count One of the Indictment with, from in or around 2012 through on or about September 21, 2017, conspiring to commit sex trafficking of a minor and by force, in violation of 18 U.S.C. §§ 1591 and 1594(c).  In each of Counts Two and Three, defendant Dkyle Jamal Bridges is charged with sex trafficking a particular victim by force (that is,

1

Z.W. and J.S. respectively), in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). In each of Counts Four through Six, both defendant Bridges and defendant Kristian Jones are charged with the sex trafficking of a particular minor victim by force (that is, B.T., N.G. and L.C.), in violation of 18 U.S.C.§§ 1591(a)(1), (b)(1) and (b)(2).

The charges arise out of a long-running prostitution enterprise led by Bridges, and in which Jones participated, in the course of which multiple victims (including multiple minor children) were caused to engage in commercial sex acts in various locations in Pennsylvania, Delaware, Maryland and New Jersey. Bridges frequently employed threats and violence in order to further the prostitution enterprise, while Jones assisted Bridges in running the enterprise in various capacities.

**II.    ARGUMENT**

    *A.  Motion to Exclude Evidence of Victims' Other Sexual Behavior*

Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's sexual predisposition" are not admissible. Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, *i.e.*, sexual intercourse and sexual contact," or that imply sexual intercourse or sexual contact, such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." Id.

According to the Advisory Committee Notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994). The Rule attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Id.

There are only three exceptions to this rule in criminal cases:

(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused to prove consent or by the prosecution; and

(C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b)(1). Prior to admitting such evidence under one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). In addition, any "motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." Id. Further, the defendant must provide written notice, in the form of a motion, of his intent to use such

evidence at least 14 days prior to trial. Fed. R. Evid. 412(c)(1). Failure to comply with this procedural requirement can result in the exclusion of such evidence. See United States v. Ramone, 218 F.3d 1229 (10th Cir. 2000) (defendant's failure to comply with notice requirements of rape shield rule warranted exclusion of evidence about his entire sexual relationship with victim); United States v. Eagle, 137 F.3d 1011, 1014-15 (8th Cir. 1998) (such evidence properly excluded where defendant failed to file notice under Rule 412). The defendants have not to date provided any such notice.

Moreover, even if the defendants were to provide notice in the form required by Rule 412(c), admission of the evidence would be inappropriate under the Rule. Numerous Courts of Appeals have recognized that Rule 412 prohibits the introduction of evidence regarding victims' other sexual behavior in forcible sex-trafficking cases. For example, in United States v. Cephus, 684 F.3d 703 (7th Cir. 2012), the Seventh Circuit considered whether to admit evidence that one of the adult victims whom the defendant allegedly trafficked by force worked as a prostitute before meeting the defendant. Id. at 708. The defendant asserted that the evidence was admissible under the "constitutional rights" exception to Rule 412. Noting that "[i]f admissible, such evidence would deter many victims of sexual abuse from testifying, as mentioned in the Committee Note . . .," the Seventh Circuit flatly rejected the defendant's request:

> [The defense] wanted to suggest that having already been a prostitute she would not have been deceived by [defendant] and therefore her testimony that she was coerced into working for him - - an element of one of the charged offenses . . . - - should be disbelieved. But the testimony sought to be elicited by the cross-examination would have been irrelevant. Even if no promises were made to [the victim], this would not be evidence that she consented to be beaten and to receive no share of the fees paid by the johns she services. And even if she knew going in, from her prior experience,

> that [defendant] probably would beat her, it was still a crime for him to do so.  And finally the fact that she'd been a prostitute before does not suggest that he didn't beat and threaten her - - that was his *modus operandi* and there's no evidence that he would have made an exception for [the victim].

Id.

In United States v. Rivera, 799 F.3d 180 (2d Cir. 2015), the Second Circuit rejected the defendant's claim that admitting evidence of a victim's prior sex work was required to uphold the defendant's Constitutional rights under the Confrontation Clause.  Rejecting the notion that the victims "'knew what they were getting into,'" the court responded: "[K]nowing that suggestive behavior or even sexual acts might become a part of the job does not mean that the victims therefore consented to being threatened or coerced into performing sexual acts they did not wish to perform.  The very purpose of the Rule is to preclude defendants from arguing that because the victim previously consented to have sex – for love or money – her claims of coercion should not be believed."  Id. at 185.  Likewise, in United States v. Roy, 781 F.3d 416 (8th Cir. 2015), the Eighth Circuit recently refused to admit such evidence where the defendant was charged with using force, threats, or coercion against an adult victim.  "The victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether [this defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex."  Id. at 420 (citations omitted); see also United States v. Valenzuela, 495 Fed. App'x 817, 820 (9th Cir. 2012) (evidence of victims' prior work in prostitution excluded as irrelevant under Rule 412; "Even if some of the victims consented initially, Appellants violated § 1591 by continuing to harbor and maintain them once Appellants realized that force, fraud, or coercion (or threats thereof) would have to be used to cause the girls to engage in a commercial

5

sex act."); United States v. Curtis, 513 Fed. App'x 823 (11th Cir. 2013) (excluding evidence of minor sex trafficking victim's prior sexual conduct as irrelevant under Rule 412).

Courts of Appeals have repeatedly recognized that "impeaching the victim's truthfulness and showing her capability to fabricate a story 'are not recognized exceptions to Rule 412.'" See United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000); see also United States v. Richards, 118 F.3d 622 (8th Cir. 1997) (Rule 412 precluded introduction of evidence that victim had intercourse with several other people prior to crime); United States v. Torres, 937 F.2d 1469 (9th Cir. 1991) (evidence of incident that occurred approximately six months after alleged aggravated sexual abuse of victim was not admissible under Rule 412 and court rejected defendant's argument that this evidence was admissible because it was relevant to victim's credibility).

In Torres, the Ninth Circuit affirmed the applicability of Rule 412 in a sex abuse case to bar the defendant from cross-examining the witness regarding a sexual incident that took place approximately six months after the charged offense. 937 F.2d at 1473. The court noted that this evidence was irrelevant, did not fall within any of the exceptions of Rule 412, and that the trial court thus did not abuse its discretion in barring the defendant from cross-examination of the victim's sexual history. Id. In reaching this conclusion, the court emphasized the notion that the right to cross-examination is not unlimited, and that trial judges retain wide latitude under the Confrontation Clause to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. Id. (quoting United States v. VanArsdall, 475 U.S. 673, 679 (1986)); see United States v. Culver, 598 F.3d 740, 749-50 (11th Cir.), cert. denied, 131 S.Ct. 336 (2010) (affirming exclusion of evidence of victim's past sexual

history, which would have "confused the jury and harassed" the victim, over defendant's argument that it fell within the narrow exception of Rule 412(b)(1)(C)); United States v. Powell, 226 F.3d 1181, 1196-99 (10th Cir. 2000) (affirming exclusion under Rule 412 of evidence that victim was sexually provocative proffered by defense to rebut suggestion that minor victim was sexually naive).

In light of the authority discussed above, Bridges and Jones are properly precluded from introducing any evidence of the victims' other sexual behavior, or from cross-examining the victims regarding their sexual behavior other than their prostitution by Bridges and Jones as part of their sex-trafficking enterprise. Such evidence is not only completely unrelated to the current charges and thus both irrelevant and unduly prejudicial, but would create precisely the situation that Rule 412 was designed expressly to prevent. That evidence would perform no function in the trial other than to invite the jurors to draw negative inferences about the victims' character based upon private experiences that have nothing to do with the case being tried, and to humiliate, embarrass and shame the victims. Such evidence and cross-examination would be calculated to imply to the jury that the victims were promiscuous, "asked for it," or consented to the sexual misconduct, and are not worthy of belief. This mode of argument is precisely what Rule 412 seeks to prevent. Evidence of other sexual activity, and cross-examination regarding other sexual encounters, should therefore be precluded.

### B. *Motion to Admit Evidence of Trafficking of Victims Not Specifically Named in Substantive Counts*

As noted above, the indictment charges the defendants both with conspiracy to engage in sex trafficking of minors and by force (Count One), as well as with substantive counts of sex

7

trafficking of victims Z.W., J.S., B.T., N.G. and L.C. (Counts Two through Six). Unlike the substantive counts charged in Counts Two through Six, the sex-trafficking conspiracy charged in Count One included as victims not merely those identified in the subsequently-charged substantive counts, but additional victims as well. Moreover, evidence of the sex trafficking of those additional victims is both inextricably intertwined with evidence of the sex trafficking of the identified victims, and in any event admissible pursuant to Fed. R. Evid. 404(b). Accordingly, the government moves for an Order finding such evidence admissible.

The sex trafficking conspiracy in which both defendants are charged with having participated lasted from at least as early as 2012 until at least as recently as September 2017, and its victims included persons other than those subsequently named in other counts of the indictment. Evidence of the defendants' trafficking of those persons[1] is thus direct evidence of the crime charged in Count One, and should be admitted as direct proof of that offense. See United States v. Fitzgerald, 496 F. App'x 175, 180 (3d Cir. 2012) (noting that evidence is "admissible if it is intrinsic rather than extrinsic evidence, that is, if it is 'part and parcel of the charged offense'") (quoting United States v. Green, 617 F.3d 233, 245 (3d Cir. 2010)); United States v. Nelson, 372 F. App'x 289, 292-93 (3d Cir. 2010) (holding that evidence of particular recoveries of cash, firearms and narcotics admissible because the recoveries "directly bear on the conspiracy charge"); United States v. Bobb, 471 F.3d 491, 497-98 (3d Cir. 2006) (holding that evidence of an uncharged assault by the defendant was admissible because it was direct evidence of his participation in and enforcement of conspiracy to distribute crack and cocaine); United States v. Jones, 520 F. Supp.

---

[1] The discovery already provided to the defendants has included reports of interviews with such victims, digital forensic evidence, and other evidence pertaining to the defendants' trafficking of those victims.

8

842, 845 (E.D. Pa. 1981) (holding proper admission of evidence of heroin transactions not charged as substantive counts, because "evidence of each transaction went directly to the conspiracy charge").

Apart from its admissibility in order to prove the conspiracy charged in Count One, evidence of the defendants' trafficking of the additional victims is independently intrinsic evidence of the substantive counts and pursuant to Fed. R. Evid. 404(b), which provides that evidence of a defendant's crimes, wrongs or other acts, though not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character, "may be admissible for another purpose, such as proving . . . intent . . . plan, knowledge . . . absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Third Circuit has recognized that Rule 404(b) permits the introduction of evidence of a conspiratorial relationship that "allow[s] the jury to understand the circumstances surrounding the charged crime," United States v. Jackson, 619 F. App'x 189, 194 (3d Cir. 2015) (quoting Green, 61 F.3d at 247), as well as evidence necessary to "complete the story of the crime," see United States v. Smith, 725 F.3d 340, 346 (3d Cir. 2013); see also United States v. O'Leary, 739 F.2d 135, 136 (3d Cir. 1984) (agreeing with the Government that the need "to show the background of the charges [and] the parties' familiarity with one another" were purposes under Rule 404(b) (quotation marks omitted)); United States v. Simmons, 679 F.2d 1042, 1050 (3d Cir. 1982) (concluding that providing the jury with "necessary background information" was a proper purpose under Rule 404(b)). In many instances, the other victims had firsthand knowledge of the defendants' trafficking of the expressly enumerated victims, as a result of the sex trafficking to which the former were subjected. To explain to the jury how the former knew of the latter, evidence of the other trafficking activity is necessary.

Moreover, the sex trafficking counts with which the defendants are each charged include as an element that the defendants knew, or recklessly disregarded the fact, that the victims would be caused to engage in a commercial sex act. Establishing the requisite proof of a defendant's knowledge is one of the purposes for which 404(b) evidence is admissible. Proof that the defendants were involved in the prostitution of persons other than those explicitly named in the substantive counts of the indictment tends strongly to demonstrate that the defendants knew that the victims named in the substantive counts would likewise be engaging in commercial sex acts. See United States v. Repak, 852 F.3d 230, 242 (3d Cir. 2017) ("Evidence of prior bad acts may be admitted for the purpose of demonstrating the defendant's knowledge in the later offense with which he is charged.") (quoting United States v. Vega, 285 F.3d 156, 251 (3d Cir. 2002)). Moreover, proof of the defendants' conduct in prostituting other, uncharged victims constitutes important evidence of the defendants' intent to do the same with respect to the identified victims, as well as their plan in operating a large-scale prostitution enterprise – both expressly permissible purposes for Rule 404(b) evidence, see, e.g., United States v. Lee, 573 F.3d 155, 166 (3d Cir. 2009) (affirming introduction of prior drug-trafficking conviction in order to prove that defendant intended to distribute drugs on subsequent occasion) – as well as modus operandi. For these reasons, evidence of the defendants engaging in the sex trafficking of additional persons is admissible as intrinsic evidence of, and pursuant to Rule 404(b) as to, the substantive counts with individual identified victims, in addition to being directly relevant and probative of the conspiracy charged in Count One.

### III.     CONCLUSION

For the reasons set forth above, the government respectfully requests that its motion to preclude reference to victims' other sexual behavior, and to admit evidence of the trafficking of victims other than Z.W., J.S., B.T., N.G. and L.C., be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*s/Seth M. Schlessinger*
SETH M. SCHLESSINGER
Assistant United States Attorney
JESSICA L. URBAN
Trial Attorney

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the date listed below, I filed a copy of the foregoing document with the Clerk of Court, and served a copy upon all counsel of record, via CM/ECF.

*s/Seth M. Schlessinger*
SETH M. SCHLESSINGER
Assistant United States Attorney

Date:    October 19, 2018