**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 18-193 |
| | : | |
| DKYLE JAMAL BRIDGES and | : | |
| KRISTIAN JONES | : | |

**O R D E R**

**AND NOW**, this _____ day of _____, 2018, upon consideration of the government's Motion *in limine* to Exclude Evidence of Victims' Other Sexual Behavior Pursuant to Federal Rule of Evidence 412 and to Admit Evidence of Trafficking of Additional Victims, and the Defendants' Joint Response and Cross-Motion to Admit Evidence of Victims' Other Sexual Behavior, it is hereby **ORDERED** that the government's Motion is **DENIED** and the Defendants' Cross-Motion is **GRANTED**. The Defendants are hereby **PERMITTED** to cross-examine the alleged victims about their participation in the sex trade before they allegedly entered the Defendants' employ.

BY THE COURT:

_____
**HON. NITZA I. QUIÑONES ALEJANDRO**
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 18-193 |
| | : | |
| DKYLE JAMAL BRIDGES and | : | |
| KRISTIAN JONES | : | |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION TO EXCLUDE EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR
PURSUANT TO FEDERAL RULE OF EVIDENCE 412 AND TO ADMIT EVIDENCE
OF TRAFFICKING OF ADDITIONAL VICTIMS AND CROSS-MOTION
TO ADMIT EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR**

Defendants Dkyle Jamal Bridges and Kristian Jones respectfully submit this Joint Response In Opposition to the Government's Motion to Exclude Evidence of Victims' Other Sexual Behavior Pursuant to Federal Rule of Evidence 412 and to Admit Evidence of Trafficking of Additional Victims, which is also in part styled as a Cross-Motion to Admit Evidence of Victims' Other Sexual Behavior to comport with the notice requirements of the Rule. Inquiry into the alleged victims' presence in the sex trade before they met defendants is necessary to comport with their Constitutional right to present a complete defense and confrontation rights pursuant to the Sixth Amendment. Consequently, Rule 412 should not bar cross-examination on the subject and defendants respectfully move for the right to cross-examine the witnesses on their employment as prostitutes prior to meeting them.

As to the government's motion to admit evidence of other victims not specifically named in the Indictment as either intrinsic or admissible under Rule 404(b), such evidence is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403 of the Federal Rules of

Evidence, and would violate defendants' Sixth Amendment confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004).  The Court should therefore deny the government's motion.

The facts and case law supporting this Joint Response and Cross-Motion are set forth in the accompanying Memorandum of Law, incorporated here by reference.

**WHEREFORE**, for all the reasons set forth above and in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Defendants Dkyle Jamal Bridges and Kristian Jones respectfully submit that the Court should deny the Government's Motion and grant their Cross-Motion to Admit evidence of the alleged victims' participation in the sex trade before they allegedly entered their employ.

                Respectfully submitted,

                */s/ Andrew Montroy*
                ANDREW MONTROY, ESQUIRE

                */s/ Leigh M. Skipper*
                LEIGH M. SKIPPER
                Chief Federal Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NUMBER 18-193 |
| : | |
| DKYLE JAMAL BRIDGES and : | |
| KRISTIAN JONES : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION TO EXCLUDE EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR
PURSUANT TO FEDERAL RULE OF EVIDENCE 412 AND TO ADMIT EVIDENCE
OF TRAFFICKING OF ADDITIONAL VICTIMS AND CROSS-MOTION
TO ADMIT EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR**

Defendants Dkyle Jamal Bridges and Kristian Jones respectfully submit this Joint Response to the government's Motion to Exclude Evidence of Victims' Other Sexual Behavior Pursuant to Federal Rule of Evidence 412 and to Admit Evidence of Trafficking of Additional Victims, which is also in part styled as a Cross-Motion to Admit Evidence of Victims' Other Sexual Behavior to comport with the notice requirements of the Rule.  The government's Motion to Exclude asserts that cross-examination regarding the alleged victims' prior employment as prostitutes would constitute nothing more than an argument that they "asked for it," "consented to the sexual misconduct," or "are not worthy of belief."  Gov't Mot. 7.  A critical issue in this case requires the jury to assess whether Mr. Jones knew, or recklessly disregarded the fact, that the alleged victims were involved in the prostitution trade at their own choosing.  Thus, whether the alleged victims were willing participants in the sex trade before they met Mr. Jones bears directly on his mental state, as well as the credibility of the government's witnesses.  For these reasons, Mr. Jones has a constitutional right to cross-examine the government's witnesses about their prior prostitution "employment" in order to present a complete defense.

As to the government's motion to admit evidence of other victims not specifically named in the Indictment as either intrinsic or admissible under Rule 404(b), such evidence is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403 of the Federal Rules of Evidence, and would violate Mr. Jones's Sixth Amendment confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004). The Court should therefore deny the government's motion.

For the reasons set forth below, defendants respectfully request that the government's Motions be denied, and that their Cross-Motion to Admit be granted.

**I.	BACKGROUND**

The Indictment charges Mr. Jones with conspiring to sex traffic, and sex trafficking of, minor victims using force or threats of force to cause victims to perform commercial sex acts. Mr. Jones is charged with conspiring with co-Defendant Bridges, as well as "other persons known and unknown to the Grand Jury." Indictment Count One. No victims are named in Count One. In Counts Four through Six, Mr. Jones and co-Defendant Bridges are charged with the sex trafficking of minors B.T., N.G., and L.C by using force or threats of force.

Discovery pertaining to the government's witnesses in this case remains outstanding. Although the government has produced some limited materials that fall under *Giglio v. United States*, 405 U.S. 150 (1972), the full names of the alleged victims are still unknown to the defense, and the government has not yet produced their criminal histories. Therefore, the specifics of which, and to what extent, each of the alleged victims were employed as prostitutes before they met Mr. Jones are largely unknown to the defense. The defense does, however, have reason to believe that some or all of the alleged victims were already employed as prostitutes when they met Mr. Jones.

## II.    DISCUSSION

The government first seeks a ruling from the Court excluding evidence of the victims' other sexual behavior.  However, admission of evidence related to the victims' prior employment as prostitutes is necessary for the jury to assess whether Mr. Jones knew, or recklessly disregarded the fact, that the alleged victims were involved in the trade.  Such evidence is also relevant to whether Mr. Jones knew or recklessly disregarded the fact that the victims were minors.

The government also seeks a ruling from the Court admitting evidence of the trafficking of victims not specifically named in the substantive counts of the Indictment.  Because that evidence is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403, the Court should deny the government's motion.

### A.  Evidence Relating to Prior Employment as Prostitutes

Courts addressing the admissibility of alleged victims' prior employment in the sex industry in a sex-trafficking trial have done so under Federal Rule of Evidence 412.  *See, e.g.*, *United States v. Rivera*, 799 F.3d 180, 184-85 (2d Cir. 2015).[1]  Rule 412 bars the introduction of

---

[1] Rule 412 also requires the party offering such evidence to file a motion specifically describing the evidence and purpose for which it is to be offered at least 14 days prior to trial and to serve the motion on all parties and notify the victims or, where appropriate, the victim's guardian or representative.  Fed. R. Evid. 412(c)(1).  The Motion must be filed under seal.  *Id.* § 412(c)(2). Mr. Jones files this sealed Response and Cross-Motion more than 14 days prior to trial, in compliance with the Rule.

To the extent that Mr. Jones is required to personally notify every victim of his intent under Rule 412(c)(1)(D), he respectfully requests an extension of time to do so or assistance from the government or the court in providing notification given the lack of information, the reluctance of certain victims to speak to the defense, and other procedural difficulties.  *See United States v. Eagle*, 137 F.3d 1011, 1015 (8th Cir. 1998) (noting the defendant filed his motion only 6 days prior to trial, despite learning of the information 5 weeks earlier, and failed to notify the victim of his intent to use the evidence *"or to seek assistance from the government* or the court in order to provide notice"*).

3

evidence concerning a victim's "other sexual behavior" or "sexual predisposition" in a case involving alleged sexual misconduct. Fed. R. Evid. 412(a). Rule 412's main purposes are to safeguard alleged victims against embarrassment and sexual stereotyping associated with public disclosure of intimate details, and to encourage crime victims to come forward. *See United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009) (citing Fed. R. Evid. 412 Advisory Committee Notes) (additional citation omitted); *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) (citing Fed. R. Evid. 1994 Amendments).

Notwithstanding these important concerns, Rule 412 provides three exceptions where evidence may be admitted in criminal cases:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1).

Mr. Jones respectfully submits that Rule 412's third exception, "evidence whose exclusion would violate the defendant's constitutional rights," is applicable in this case. Among the constitutional rights contemplated by Rule 412 is an accused's Sixth Amendment right to confront witnesses against him. *Rivera*, 799 F.3d at 184 (citing *Olden v. Kentucky*, 488 U.S. 227, 231 (1988)). "This includes 'a meaningful opportunity to present a complete defense' at trial, *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal quotation marks omitted), and to confront witnesses, including by 'impeach[ing] the credibility of a prosecution witness by cross-examination,' *Davis v. Alaska*, 415 U.S. 308, 309, 94 S. Ct. 1105, 39 L.Ed.2d 347 (1974)." *Id.* at 184-85. While a district court is permitted to impose "reasonable limits" to cross-

4

examination based on "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant," *United States v. John–Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014), the court must also heed the Sixth Amendment's guaranteed "opportunity for *effective* cross-examination," *United States v. Riggi*, 951 F.2d 1368, 1375 (3d Cir. 1991) (emphasis added).

There are no precedential cases from the Third Circuit addressing this issue. *See United States v. Williams*, 666 F. App'x 186, 201 (3d Cir. 2016) (applying abuse-of-discretion standard and declining to determine whether constitutional exception to Rule 412 applied where any error by district court would have been harmless because defense counsel was able to capitalize on prostitute's admission of prior acts of prostitution in his closing); *United States v. Smith*, 662 F. App'x 132, 135 n.2 (2016) (applying abuse-of-discretion standard to find district court's exclusion of evidence of other sexual conduct of minor victim did not affect defendant's substantial rights where both victim and the government testified to victim's continued prostitution after defendant was arrested and defense counsel cross-examined the case agent on that issue, exposing the jury "to the very evidence that [defendant] claim[ed] would have affected [the victim]'s credibility"). As the government correctly points out, numerous courts of appeals have recognized that Rule 412 prohibits the introduction of evidence regarding victims' other sexual behavior in forcible sex-trafficking cases. *See Cephus*, 684 F.3d at 707-709; *United States v. Roy*, 781 F.3d 416, 420-21 (8th Cir. 2015); *Rivera*, 799 F.3d at 185-86. The rationale behind these cases is that prior employment in the sex industry is irrelevant to a determination of whether the victims consented to be prostitutes, whether they knew they would be beaten by their pimps, whether they agreed to give all their earnings to their pimps, or whether it was less likely the women were deceived into engaging into prostitution. *See Cephus*, 684 F.3d at 708-09; *Roy*,

781 F.3d at 420-21; *Rivera*, 799 F.3d at 185; *see also United States v. Valenzuela*, 495 Fed. App'x 817, 820 (9th Cir. 2012) (not precedential). The Courts have also held that the witnesses' "unchastity" has no bearing on their credibility. *Roy*, 781 F.3d at 421 (citations omitted).

Judge Jacobs' dissent in *Rivera*, however, explains exactly why an alleged sex-trafficking victim's prior employment in the sex industry should be admissible to comport with a defendant's constitutional rights. The defendants in *Rivera* were accused of luring undocumented immigrants to work in two bars that served as illegal brothels. They advertised the jobs as waitressing jobs with decent salaries, and even offered to provide transportation to and from work, and that they would be required to dress suggestively, serve drinks, and dance with patrons. However, the government alleged the defendants threatened the victims with violence and deportation if they contacted law enforcement or quit, forced them to drink alcohol to the point of intoxication, required them to strip, and made them submit to fondling by bar patrons. They were also forced to have sex with customers. *Rivera*, 799 F.3d at 183. As the majority opinion pointed out, the government's theory of the case was that the victims were forced to perform sex acts against their will. *Id.* at 185.

In dissent, Judge Jacobs pointed out that the defendant's acts violated a host of state laws, but that "the federal offense of sex-trafficking requires the government to show that the acts were accomplished by certain means, and the means relied on at trial were fraud and threats." *Id.* at 189-90 (Jacobs, J., dissenting). As a result, "precluding cross-examination of the victims about work as prostitutes prior to their employ by defendants prevented defendants from advancing their *main defense*: that the victims were not defrauded into engaging in a commercial sex act, an element of the offense under 18 U.S.C. § 1591(a)." *Id.* (citation omitted) (emphasis added). Judge Jacobs' rejected the majority's finding that the evidence was irrelevant to whether the

6

prostitutes were coerced into working for the defendants. *Id.* at 192. As he stated, if the evidence "were truly irrelevant, the protections of Rule 412 would not even be implicated; the evidence would simply be inadmissible under Federal Rule of Evidence 401." *Id.* Further, while a defendant cannot suggest that a person who was a prostitute automatically consented with anyone at any time, that is not what the defendants sought to do in *Rivera*. *Id.* (citation omitted). Rather than demonstrating consent to specific sexual encounters, "the excluded evidence was relevant to whether [the victims'] employment in the commercial sex trade was procured by fraud or coercion, as the government was required to show under 18 U.S.C. § 1591." *Id.* "A reasonable juror could conclude that prior, voluntary work in the industry suggested that the employment arrangement here was consensual and not entered into by fraud." *Id.* Instead, the jury in that case was limited to the "wholly subjective point of view of the victims." *Id.*

Recognizing both that Rule 412 does not bar the introduction of evidence where its probative value significantly outweighs possible harm to the victim, and that restrictions on a defendant's rights to "confront adverse witnesses and to present evidence may not be arbitrary or disproportionate to the purposes they are designed to serve," Judge Jacobs concluded the excluded evidence was highly probative and should have been admitted. *Id.* at 191.

In Mr. Jones's case, cross-examination concerning the victims' prior employment in the sex industry is highly relevant to his defense and, under the Confrontation Clause, necessary to effectuate his right to effectively call into question the victims' credibility. The victims' prior activities in the sex trade must be considered in a fair determination of whether Mr. Jones recruited, harbored, or maintained the victims with knowledge or in reckless disregard for the fact that force or threats would be used to cause the victims to engage in prostitution. *See* Fed. R. Evid. 401 (providing that relevant evidence is that which has any tendency to make a fact of

consequence to determination the case more or less probable than it would be without the evidence).  Knowledge that the victims were previously employed in the sex industry is certainly relevant to a determination of whether the victims were forced or threatened into performing commercial sex acts or whether Mr. Jones knew or recklessly disregarded the fact that those means would be used.  It would allow the jury to determine whether the government proved beyond a reasonable doubt that the victims began or remained working for co-Defendant Bridges, with Mr. Jones's assistance, due to force or threats, or whether they joined the prostitution "operation" as free agents and remained employed for other reasons.  Although a prostitute who voluntarily joins a pimp may still be forced into remaining in his employ, the mere fact that there is a counter-argument to a defense theory does not make the evidence any less relevant.  The victims' prior employment in the sex industry therefore bears directly on whether they were forced into performing commercial sex acts, and whether Mr. Jones knew they would be so forced.

Evidence of the victim's past employment in the sex industry is particularly important for Mr. Jones to elicit because of his alleged minor role in the charged conduct as compared to co-defendant Bridges.  Indeed, the defense is not aware of any evidence implicating Mr. Jones in sex trafficking activities before his arrest on November 15, 2016.  Yet, the conspiracy charged began in 2012.  Thus, evidence of the victim's activities before meeting Mr. Jones is critical to his defense.

Evidence regarding the victim's past employment in the sex industry is also relevant to whether Mr. Jones knew or recklessly disregarded the fact that the victims were minors, another element of 18 U.S.C. § 1591. Experience in the sex industry is certainly a factor for the jury to consider in whether Mr. Jones had good reason to believe the victims were of age.  *See United*

*States v. Phea*, 755 F.3d 255, 261 (5th Cir. 2014) (noting that beyond a victim's appearance or behavior, factors relevant to whether defendant recklessly disregarded victim's age include "information from the victim, or others, or documentation that would cause a reasonable person to question whether the victim was actually eighteen years old," as well as "[c]ircumstances of which a defendant was aware, such as the victim's grade level in school, or activities in which the victim engaged"); *United States v. Jackson*, 622 F. App'x 526, 529 (6th Cir. 2015) (same).

Because of the high relevance of this evidence to Mr. Jones's defense, admission of the evidence is necessary to comport with his constitutional right to a meaningful defense and a fair trial. *See United States v. Conley*, 92 F.3d 157, 169 (3d Cir. 1996) (noting the Confrontation Clause's requirement for an opportunity for effective cross-examination). As noted, although the Third Circuit has not decided this issue, it has twice recently applied an abuse-of-discretion standard to find that a defendant's substantial rights were not violated where victim witnesses testified to their prior or subsequent prostitution and thus the defense was able to capitalize on that admission. *See Williams*, 666 F. App'x at 201; *Smith*, 662 F. App'x at 135 n.2.

In addition, the probative value of the evidence significantly outweighs any harm to the victims in this case. Importantly, each of the victims will testify about prostituting themselves *for co-Defendant Bridges and Mr. Jones*. Therefore, evidence of prior employment in the sex industry is quite unlike introducing evidence of sexual misconduct that was otherwise unknown to the jury in a rape or molestation trial. In other words, the "cat will already be out of the bag," so to speak, that the witnesses were prostitutes. The defense does not plan to ask the witnesses about any specific sex acts they performed, which comports with the purposes of Rule 412 to avoid harassment or embarrassment and to encourage victims to come forward to testify. Therefore, the prejudice to the government witnesses will be minimal, while the probative value

is great.  It would be patently unfair to allow the government to introduce evidence of Mr. Jones's assistance in forcing the victims to engage in sexual acts while limiting the defense's ability to rebut the government's allegations of such force.

For all of these reasons, defendants respectfully submit that this Court adopt Judge Jacob's analysis to find that limited cross-examination about the witness's prior employment in the sex industry is highly relevant to their defense.  Defense counsel will not question witnesses about specific sex acts, and propose that a limiting instruction can be read to the jury when the evidence is admitted, and/or during the Court's final instructions.[2]

### B. Evidence of trafficking of victims not specifically named in substantive counts

The government seeks to admit evidence of trafficking of victims not specifically named in the Indictment, arguing that such evidence is both inextricably intertwined with evidence of the sex trafficking of the identified victims and admissible pursuant to Federal Rule of Evidence 404(b).

Intrinsic evidence is that which directly proves the charged crimes or acts that were "performed contemporaneously with the charged crime . . . if they facilitate[d] the commission of the charged crime."  *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).  Any other evidence must meet the four-pronged balancing test demanded by Rule 404(b).  *Id.*

---

[2] The defense does not make any argument regarding the admissibility of acts of prostitution the victims engaged in after Mr. Jones was arrested on the instant charges, because the defense is unaware of any specific proof that any of the victims did in fact continue to engage in prostitution after he was arrested.  Mr. Jones submits that if any of the victims continued to engage in prostitution, it is relevant to a fair determination of whether they were forced before. Indeed, a reasonable juror could conclude that if the victims remained in the sex industry after the defendant's incarceration, it is less likely that he knowingly or recklessly disregarded the fact that such means would induce them to commit commercial sex acts.  *But see Roy*, 781 F.3d at 421.  Therefore, the defense respectfully requests the right to revisit this issue should the Jencks and *Giglio* materials reveal evidence supporting such a claim.

With respect to Rule 404(b) evidence, the admission of character evidence to prove a defendant's propensity is strictly prohibited. Indeed, Rule 404(b) *only* permits the limited admission of "prior bad acts" if the evidence satisfies some other proper evidentiary purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Courts have recognized that:

> The problem with propensity evidence is that it "weigh[s] too much with the jury [because it] overpersuade[s] them as to prejudge one with a bad general record and den [ies] [the defendant] a fair opportunity to defend against a particular charge," without limitations based on whether the charged and uncharged acts are the same.

*United States v. Smith*, 725 F.3d 340, 347 (3d Cir. 2013) (quoting *Michelson v. United States*, 335 U.S. 469, 476 (1948)). The purpose of Rule 404(b), therefore, is to protect an accused's constitutional right to a fair trial from the tendency that character evidence has to "overpersuade" the jury. Consequently, the Third Circuit, in a series of recent cases, has clarified that Rule 404(b) functions as a rule of exclusion, not a rule of inclusion. *See United States v. Brown*; 765 F.3d 278, 294 (3d Cir. 2014); *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014).

The Supreme Court has established, and the Third Circuit has adopted, a four-prong test to determine whether evidence of the other crimes, wrongs or acts is admissible under Rule 404(b). *See Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Scarfo*, 850 F.2d 1015 (3d Cir.), *cert. denied*, 488 U.S. 910 (1988). To be admissible, the proponent of the Rule 404(b) evidence must persuade the court the proffered evidence: (1) has a proper evidentiary purpose under Rule 404(b); (2) is relevant under Rule 402; (3) is of such probative value as to outweigh the prejudice to the defendant as required by Rule 403; and (4) the introduction of such

11

evidence must be accompanied by a proper limiting instruction. *United States v. Smith*, 725 F.3d 340, 344 (3d Cir. 2013) (citing *Huddleston*, 485 U.S. at 691).

The government argues the evidence of additional victims is intrinsic evidence and admissible under Rule 404(b), as it provides background information of the charged crimes, as well as evidence of knowledge, intent, and modus operandi of Mr. Jones.

Evidence of additional victims, however, cannot be intrinsic evidence of the substantive counts in the Indictment. Mr. Jones's interactions with other victims are not proof of how he interacted with the three named victims in Counts Four through Six. *See United States v. Hernandez*, 626 F. App'x 900, 906 (11th Cir. 2015) (finding that evidence of "similar *modus operandi* employed against another victim is not inextricably intertwined with the charges, but rather is classic Rule 404(b) evidence of other bad acts"); *United States v. Jackson*, 299 F.R.D. 543, 546 (W.D. Mich. 2014) ("Evidence that Defendant had other prostitutes working for him, and how he managed them is not inextricably intertwined with the charges in this case unless Defendant somehow puts the issue into contention."). Indeed, the evidence would be offered primarily to suggest that because Mr. Jones trafficked victims before, he committed the instant offenses. *See Jackson*, 299 F.R.D. at 546 ("To the extent that evidence of Defendant's other prostitutes is offered to corroborate the testimony of the Minors, it creates a great risk of being prohibited propensity evidence."). Thus, other victim evidence is replete with improper character inferences that because Mr. Jones treated previous victims in a certain manner, he must have treated the three named victims in the same way.

To the extent the Court finds this evidence may be true 404(b) evidence, the defense submits it would be premature to make a ruling without more information from the government. What the government contends to be evidence of a modus operandi, for example, may in fact be

propensity evidence. *See Willoughby*, 742 F.3d 229, 237 (6th Cir. 2014) (finding that prostitute's testimony that defendant "gave her condoms and counted them when she returned after work" was not sufficiently distinctive to be admissible evidence of a continuing pattern of illegal activity or a common plan or scheme, as "saying that a pimp counts condoms is like saying that a bank robber uses a gun").

But even if the Court finds such evidence goes to Mr. Jones's knowledge that the victims would be caused to engage in sex acts—both an element of the offense and a permissible purpose under Rule 404(b)—the probative value of such evidence does not outweigh its great prejudice to Mr. Jones or its cumulative nature. Testimony of additional victims not charged in the Indictment would have a powerful impact on the jury, and because the prior uncharged conduct is substantially similar to the instant charged crimes, the danger of its admission is especially dangerous. *See Willoughby*, 742 F.3d at 238. Further, the government has failed to show why other means of proof are insufficient in this case. *United States v. Bailey*, 840 F.3d 99, 122 (3d Cir. 2016) ("This court and other circuit courts have clarified that probative value is informed by the availability of alternative means to present similar evidence." (internal quotation marks and citations omitted)); *Willoughby*, 742 F.3d at 238 (finding probative value of pimping testimony "modest" where it "merely showed that [defendant] knew what everyone else knew" and the government "already had overwhelming proof that, when [defendant] drove [the victim] to the residences of two johns, he knew full well that she would be caused to engage in a commercial sex act there"). Indeed, evidence of trafficking of additional victims is likely to be cumulative, and its "contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion." *United States v.* Cross, 308 F.3d 308, 326 (3d Cir. 2002); *see* Fed. R. Evid. 403 (providing that relevant evidence "may be excluded if its

probative value is substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); *Willoughby*, 742 F.3d at 238 (finding the government's use of pimping testimony to show defendant's knowledge was "piling on" after officer and named victim provided sufficient testimony—"enough to convict [defendant]"). Thus, the probative value of any additional victim evidence would be substantially outweighed by both the unfair prejudice to Mr. Jones and needless presentation of cumulative evidence. *See Willoughby*, 742 F.3d at 238 (noting the "government's use of [uncharged pimping evidence] with an unquestionably powerful and prejudicial impact . . . merely to prove a fact already proven by overwhelming evidence, can be grounds for reversal").

To the extent the government argues such evidence is intrinsic to the conspiracy charged, the defense contends it is also premature for the Court to make a determination as to its relevance and prejudice to Mr. Jones under Rules 401 and 403. *See Jackson*, 299 F.R.D. at 546 (granting defendant's motion to exclude "evidence of other prostitutes to show broader sex-trafficking operation or for the purpose of corroborating the testimony of the Minors" until the court knew "what the evidence [was], and how it fits in with the other evidence at trial"). But the defense notes there is a great risk that such evidence will be overly prejudicial to Mr. Jones. Indeed, in *United States v. Bobb*, cited by the government, the Third Circuit found that the district court properly admitted evidence of the uncharged assault of a participant in the charged conspiracy by defendant—the "organizer and leader" of the conspiracy. 471 F.3d 491, 497-98 (3d Cir. 2006). Such evidence, the appellate court held, revealed the defendant's "enforcement of the conspiracy in a leadership role." *Id.* at 498. Here, evidence pertaining to uncharged victims makes no such showing as to Mr. Jones, an alleged minor player in the instant sex trafficking conspiracy.

Finally, the defense urges the court to consider the cumulative effect of allowing each additional victim's testimony concerning Mr. Jones's prior trafficking activity.  As Judge McHugh recently found in *United States v. Hill*, a court "should stop at each step to recalibrate the Rule 403 scale to take into consideration the overall impact on the jury." 309 F. Supp. 266, 270 (E.D. Pa. 2018).  Although the "probative value of any instance of conduct can certainly be evaluated individually, . . . the analysis for prejudice must at each step take into account the *combined* effect of allowing multiple instances of such conduct to be heard by the jury." *Id.* at 270-71 (emphasis in original).  This is both because the prejudicial effect of allowing evidence of multiple instances of prior bad acts is "magnified," and because "the cumulative nature of the evidence would also more likely lead the jury to consider it for the improper purpose of showing propensity." *Id.* at 271.  In following this reasoning, in *Hill*, Judge McHugh permitted the government to introduce one prior robbery, but excluded the additional robberies the government sought to introduce. *Id.*  Thus, to the extent the Court is inclined to admit any evidence of Mr. Jones's trafficking of additional victims, the combined prejudicial effect of each additional act must be considered.

## III.     CONCLUSION

Limited inquiry into the victims' prior employment in the sex industry is directly relevant to what will be the most hotly contested issue at trial, and cross-examination is crucial to the defendants' Sixth Amendment right to present a complete defense and their Fifth Amendment Due Process right to a fair trial.  Further, evidence of other victims not specifically named in the Indictment is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403.  Consequently, the defendants respectfully submit that the Court should deny the government's

Motion and grant their Joint Cross-Motion to Admit evidence regarding the victims' prior employment as prostitutes.

    Respectfully submitted,

*/s/ Andrew Montroy*
ANDREW MONTROY, ESQUIRE

*/s/ Leigh M. Skipper*
LEIGH M. SKIPPER
Chief Federal Defender

## CERTIFICATE OF SERVICE

We, Andrew Montroy, Esquire, and Leigh M. Skipper, Chief Federal Defender, hereby certify that we electronically filed and served a copy of Defendants' Joint Response in Opposition to the Government's Motion *in limine* to Exclude Evidence of Victims' Other Sexual Behavior Pursuant to Federal Rule of Evidence 412 and to Admit Evidence of Trafficking of Additional Victims and Cross-Motion to Admit Evidence of Victims' Other Sexual Behavior and Memorandum of Law in Support thereof upon Seth M. Schlessinger, Assistant United States Attorney, United States Attorney's Office, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106 and upon Jessica L. Urban, Esquire, Trial Attorney, United States Department of Justice, Criminal Division, 1400 New York Avenue, N.W., Washington, D.C. 20005.

                                        */s/ Andrew Montroy*
                                        ANDREW MONTROY, ESQUIRE

                                        */s/ Leigh M. Skipper*
                                        LEIGH M. SKIPPER
                                        Chief Federal Defender

DATE: October 31, 2018