## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL NO.  18-193-2** |
| | : | |
| | : | |
| **KRISTIAN JONES** | : | |

## <u>O R D E R</u>

    **AND NOW**, this     day of         , 2019, upon consideration of the Government's Motion to Admit Audio Recordings, and Defendant Kristian Jones's Revised Response in Opposition thereto, it is hereby **ORDERED** that the government's Motion is **DENIED**.

                      **BY THE COURT:**

                      _____

                      **HON. NITZA I. QUIÑONES ALEJANDRO**
                      United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO.  18-193-2 |
| | : | |
| | : | |
| KRISTIAN JONES | : | |

**DEFENDANT'S REVISED RESPONSE IN OPPOSITION TO THE**
**GOVERNMENT'S MOTION TO ADMIT AUDIO RECORDINGS**

Defendant Kristian Jones respectfully requests that the Court deny the government's motion to admit audio recordings.  In its motion, the government asserts it intends to offer into evidence audio recordings capturing telephone calls between Mr. Jones and others while Mr. Jones was incarcerated in state and federal custody.[1]  Introduction of the recorded telephone conversations would violate 18 U.S.C. §§ 2510-2520, the Fourth Amendment, and Federal Rules of Evidence 401 and 403.  Accordingly, the Court should exclude this impermissible evidence. In the alternative, the Court should order the government to exclude or redact portions of the tape recordings that reference Mr. Jones's incarceration, pursuant to Rule 403.  Mr. Jones also reserves the right to object to the admission of any recorded telephone conversations that the government has not yet identified but seeks to introduce at trial.

It is well-settled that tape recorded conversations are not admissible unless and until certain foundational facts are established by clear and convincing evidence.  Since the

---

[1] On October 31, 2018, Mr. Jones and co-Defendant Dkyle Bridges filed a Joint Response in Opposition to the Government's Motion to Admit Audio Recordings, in which Defendants noted they had only just received the recordings at issue, and reserved the right to object to the admission of the recordings.  The government has not yet identified which specific telephone recordings it intends to publish at trial.

government seeks to admit evidence of recorded phone calls between Mr. Jones and other

individuals, it must lay a sufficient foundation for admission of such evidence at trial in

accordance with *United States v. Starks*, 515 F.2d 112, 121.  Federal Rule of Evidence 901(a)

provides that the requirement of authentication and identification is satisfied only "by evidence

sufficient to support a finding that the matter in question is what its proponent claims."

Subject to the admissibility standards under the Federal Rules of Evidence, including the

authentication of the speakers' voices pursuant to Rule 901(a), the defense does not challenge

any of the criteria as outlined by the Third Circuit's holding in *Starks*.

However, Mr. Jones does challenge the admissibility of the audio recordings under 18

U.S.C. § 2510(5)(a)(ii) and as a violation of his Fourth Amendment rights.  The government may

intercept telephone communications without prior judicial authorization when "one of the parties

to the communication has given prior consent to such interception." 18 U.S.C. § 2511(c).[2]

However, the wiretap statute's consent exception does not apply in this case, as the prisons in

which Mr. Jones was held provided insufficient notice to warrant implication of consent.  *See*

*Lanoue*, 71 F.3d at 981 (noting "deficient notice will almost always defeat a claim of implied

consent").  And even if the notice provided is deemed sufficient, it is not proper to conclude that

Mr. Jones implicitly consented because his use of the phones merely establishes his acquiescence

---

[2] **Error! Main Document Only.**Telephone communications intercepted in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968—the federal wiretapping statute, 18 U.S.C. §§ 2510-2520—may not "be received in evidence in any trial . . . ." 18 U.S.C. § 2515. Courts have extended the statute's protections to conversations by inmates on prison telephones. *See United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002) ("Although the argument has been made that Title III was not intended by Congress to apply to prisons, it is well accepted that its protections do apply in that context."); *United States v. Lanoue*, 71 F.3d 966, 980 (1st Cir. 1995), *abrogated on other grounds by United States v. Watts*, 519 U.S. 148 (1997) ("Title III's protections extend to prisoners' conversations over institutional telephones."); *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987) ("Title III clearly applies to prison monitoring.").

to the recording and monitoring out of necessity, not his consent. *See United States v. Daniels*, 902 F.2d 1238, 1245 (7th Cir. 1990) ("[K]nowledge and consent are not synonyms."); *United States v. Cheely*, 814 F. Supp. 1430, 1443 (D. Alaska 1992) (finding no implied consent to prison telephone recordings and "shar[ing] the concern expressed by the Seventh Circuit in *United States v. Daniels*, that this reasoning turns acquiescence into implied consent"); *see also United States v. Feekes*, 879 F.2d 1562, 1565 (7th Cir. 1989) (finding it "troubling" to conclude that knowledge that prison phones are tapped necessitates consent to their being taped, where "[tak[ing] a risk is not the same thing as consent[ing]"); *Crooker v. U.S. Dept. of Justice*, 497 F. Supp. 500, 503 (D. Conn. 1980) ("[I]n the present case, knowledge of the monitoring . . . and the existence of a justifiable need for such monitoring are clearly not sufficient to establish consent.").

Mr. Jones similarly challenges the admission of the phone call recordings as a violation of his Fourth Amendment right to be free of unreasonable searches, as he had an objectively reasonable expectation of privacy in his telephone conversations in prison. *See United States v. Shavers*, 693 F.3d 363, 389 (3d Cir. 2012) *judgment vacated on other grounds by Shavers v. United States*, 570 U.S. 913 (2013) ("Determining whether an individual's expectation of privacy is justifiable under the Fourth Amendment involves two inquiries: (1) whether the individual demonstrated an actual or subjective expectation of privacy in the subject of the search or seizure; and (2) whether this expectation of privacy is objectively justifiable under the circumstances.").

Mr. Jones further objects to the admission of the phone call recordings under Federal Rule of Evidence 403. Evidence is only admissible if it is relevant and not excluded by any other applicable evidence rule. Fed. R. Evid. 402. Evidence is relevant where there "is a

relationship between the evidence and a material fact at issue which must be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence." *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992); *see also* Fed. R. Evid. 401.  Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Unfair prejudice arises when "concededly relevant evidence . . . lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  The Third Circuit has recognized that "*unfair* prejudice [is] the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found."  *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009).

In determining whether the danger of unfair prejudice substantially outweighs the probative value of evidence, courts "must assess the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds."  *United States v. Sriyuth*, 98 F.3d 739, 747-48 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997) (internal quotation mark omitted).  The need for the evidence should be considered "in view of the contested issues and other evidence available to the prosecution, and the strength of the evidence in proving the issue."  *Id.* at 748.

Here, the phone conversations may contain statements of self-incrimination, which would make their probative value high. However, this probative value is substantially outweighed by the overwhelming risk of unfair prejudice which arises from the fact that the phone calls were placed from prison facilities.  Exposing the jury to evidence that Mr. Jones was incarcerated

while making the telephone calls, and the reference to those prison conversations by the government during trial, would be highly prejudicial.  Indeed, the Third Circuit has recognized that reminders to the jury that the defendant is a prisoner "may impair the presumption of innocence."  *United States v. Faulk*, 53 F. App'x 644, 647 (3d Cir. 2002) (citing *Estelle v. Williams*, 425 U.S. 501, 512-13 (1976); *see also Powell v. Link*, No. 16-5085, 2017 WL 7795393, at *15 (E.D. Pa. Nov. 16, 2017), *report and recommendation adopted*, No. 16-5085, 2018 WL 1071926 (E.D. Pa. Feb. 27, 2018) ("A defendant's right to the presumption of innocence can be compromised if information regarding a prior incarceration prejudices the jury's view of the defendant." (citing *Estelle*, 425 U.S. at 504)).  Thus, by making the jury aware of Mr. Jones's incarceration as a result of the conduct charged in the Indictment, the admission of the recordings would significantly impair the presumption of innocence.

In the alternative, Mr. Jones challenges the admissibility of those portions of the audio recordings that reference Mr. Jones's status in prison and his extradition to Maryland based on an outstanding warrant.  The fact of Mr. Jones's incarceration makes no material facts concerning the charges in the Indictment more or less probable, and therefore has no relevance or probative value.  And even if somehow marginally relevant, any probative value of the portions of the calls is substantially outweighed by the overwhelming risk of unfair prejudice in allowing the jury to constantly hear references to Mr. Jones's incarceration.  Their admission would therefore violate Federal Rules of Evidence 401 and 403.

Importantly, because the portions of the calls that reference Mr. Jones's incarceration have no relevance, the government has no need to expose the jury to such evidence.  Other trial concerns, such as the danger of confusion and waste of time, also militate against the admission of the portions of calls at issue.  Not only would it take up a significant amount of time to play

the recordings in full, but the jury would be distracted and sidetracked by the focus on Mr. Jones's incarceration, and why he had a warrant out of Maryland.  *See United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998), *cert. denied*, 526 U.S. 1007 (1999) (noting the danger of confusion "arises when circumstantial evidence would tend to sidetrack the jury into consideration of a factual dispute only tangentially related to the facts at issue in the current case"); *United States v. Vretta*, 790 F.2d 651, 655 (7th Cir. 1986) ("Under Fed. R. Evid. 403, [i]t is well settled that evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented[.]" (internal quotation marks and citation omitted)).

A cautionary jury instruction will not ameliorate the irreparable harm caused to Mr. Jones by the admission of the phone call recordings in full.  Admitting such evidence creates "an overwhelming probability that the jury [will be] unable to follow limiting instruction, [and] a strong likelihood that the evidence [will] be devastating to the defendant[ ]." *United States v. Bradley*, 173 F.3d 225, 230 (3d Cir. 1999) (internal quotation marks and citation omitted). Regardless of any purpose the Government may cite to support its use of this unfairly prejudicial evidence, "there is no realistic basis to believe that the jury will cull the proper inferences and material facts from the evidence" and judge Mr. Jones according to the charges as they are presented in the Indictment.  *Sampson*, 980 F.2d at 889.

Because the prejudicial impact of the calls on Mr. Jones substantially outweighs any probative value it may possess, they must be redacted so as to omit any references to or suggestions pertaining to prison facilities, Mr. Jones's incarceration, or his Maryland warrant. Further, the Court should order that at trial, the parties refer to the calls as "lawfully recorded phone calls" rather than refer to the calls as those that were made while Mr. Jones was

incarcerated.  *See United States v. Vaughn*, No. 14-23, 2016 WL 450163, at *2 (D.N.J. Feb. 4, 2016).

WHEREFORE, for the reasons cited herein, and any other which may become apparent to the Court, Mr. Jones respectfully requests that the Court deny the government's Motion to Admit Audio Recordings and preclude the audio recordings from admission at trial.  In the alternative, Mr. Jones requests any evidence of his incarceration and warrant contained in the audio recordings be excluded from trial.

Respectfully submitted,

*/s/ Leigh M. Skipper*
LEIGH M. SKIPPER
Chief Federal Defender

8

## CERTIFICATE OF SERVICE

I, Leigh M. Skipper, Chief Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Revised Response in Opposition to the Government's Motion to Admit Audio Recordings upon Seth M. Schlessinger, Assistant United States Attorney, United States Attorney's Office, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106, and Jessica L. Urban, Esquire, Trial Attorney, United States Department of Justice, Criminal Division, 1400 New York Avenue, N.W., Washington, D.C. 20005, and upon Andrew Montroy, Esquire, 1500 Walnut Street, 22nd Floor, Philadelphia, Pennsylvania 19102, and George Henry Newman, Esquire, 100 S. Broad Street, Land Title Building, Suite 2126, Philadelphia, Pennsylvania 19110.


*/s/ Leigh M. Skipper*
LEIGH M. SKIPPER
Chief Federal Defender

DATE: February 1, 2019