# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NO. 18-193-1, 2** |
| | : | |
| **DKYLE JAMAL BRIDGES**, *et al.* | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 19th day of February 2019, upon consideration of Defendants Dkyle Jamal Bridges and Kristian Jones' joint *motion to suppress identifications*, (Doc. 44), the Government response thereto, (Doc. 81), and the oral argument heard on February 15, 2019, it is hereby **ORDERED** that Defendants' motion is **DENIED**.[1]

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Defendants seek to suppress out of court identifications by their alleged victims based on "single-photo displays" as unduly suggestive and, thus, unreliable. In assessing the reliability of an identification, the Supreme Court has instructed courts to consider five factors; *to wit*: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). The United States Court of Appeals for the Third Circuit has explained that "the possible unfair suggestive aspects of photo arrays is immaterial" in cases where the person making the identification claims to know the person she is identifying. *See Burgos-Cintron v. Nyekan*, 510 F. App'x 157, 161 (3d Cir. 2013). Here, Defendants' alleged victims claim to have been sex trafficked by Defendants for a period of time. Thus, the factors weigh in favor of the reliability of the victims' identifications. Therefore, the motion is denied.